UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robin Lungo, Individually and as Executrix of the Estate of Dorothy L. Bruning,<br>　　　Plaintiff,<br><br>　　　v.<br><br>Metropolitan Life Insurance Co.,<br>　　　Defendant,<br><br>　　　v.<br><br>Bernice Douglas, Sarah Douglas and Corey Douglas,<br>　　　Third-Party Defendants. | Civil Action No. 10-10625-DJC |

**ORDER**
*(Regarding Docket #13, #16 and #18)*

**CASPER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　April 5, 2011

### I.　　Introduction

Pending before the Court are the motion of Defendant Metropolitan Life Insurance Company ("MetLife") to deposit funds into the Court registry and Dismiss MetLife (Docket #13), its related motion to recover attorney's fees and costs (Docket #18) and the motion of Plaintiff Robin Lungo, individually and as executrix of the estate of Dorothy L. Bruning ("Lungo") to reschedule the status conference and hearing on MetLife's motion for deposit of funds into the Court registry and Dismiss MetLife. (Docket #16). For the reasons stated below, the Court GRANTS MetLife's motions and DENIES Lungo's motion.

**II. Background**

This matter is an interpleader matter in which Lungo and the third-party defendants have competing interests in the life insurance benefits payable as a consequence of the death of Dorothy Bruning. Lungo filed the instant complaint for declaratory judgment against MetLife in Middlesex Superior Court on March 24, 2010. MetLife removed the matter to this Court on April 14, 2010 and thereafter filed its answer and an interpleader counterclaim and third-party complaint against Lungo and the third-party defendants who had competing interests in the life insurance benefits. Although all agreed to waiver of service of the summons (and third-party complaint), none of the third-party defendants have filed an appearance or answered the third-party complaint. Lungo's attorney has made an appearance in this case, but Lungo has not filed an answer to MetLife's interpleader counterclaim. On January 25, 2011, MetLife filed its Motion for Deposit of Funds into the Court registry and Dismissal. Lungo filed an opposition to that motion on the grounds that the parties had reached an agreement regarding the life insurance proceeds and, therefore, the deposit of the funds into the court registry was unnecessary. Lungo attached a document purporting to be the settlement agreement of the parties, but the Court notes that this document was unsigned.

On March 1, 2011, the Court held a status conference and hearing on MetLife's motion. The Court notes that there have been two court conferences scheduled and held in this matter. The first, an initial scheduling conference, was held on August 26, 2010 before Judge Zobel. The second was the March 1st conference and hearing before the undersigned judge. Notice of both conferences was sent to counsel of record via the Court's CM/ECF system. Counsel for Lungo failed to appear at either conference.

The day after the March 1st conference, Lungo filed the instant motion to reschedule the

status conference/hearing. On March 11, 2011, MetLife filed its motion to recover attorney's fees and costs.

### III. Discussion

#### A. MetLife's Motion to Deposit Funds and Dismiss MetLife

As explained in MetLife's interpleader complaint, Lungo and the third-party defendants have rival, adverse and conflicting claims over the life insurance benefits payable as a consequence of the death of Dorothy Bruning in the amount of $36,000. Accordingly, the interpleader relief that MetLife seeks is appropriate. See Equitable Life Assurance Soc'y of the U.S. v. Porter-Englehart, 867 F.2d 79, 84 (1st Cir. 1989). In this case, MetLife has no interest in the insurance proceeds and stands ready, willing and able to deposit those funds in the Court registry, plus any applicable interest, for disbursement to Lungo and/or the third-party defendants in accordance with any subsequent judgment of this Court. Lungo's objection to this motion is limited to her assertion that the parties have already reached a settlement about the disbursement of the funds so that the deposit of these funds is unnecessary. The Court is not persuaded by this argument since the purported settlement submitted with her opposition was unsigned and the further copy of that agreement filed on March 2, 2011 was not signed by all of the parties. Accordingly, the Court grants MetLife's motion for deposit of funds in the Court registry. Since with the deposit of these funds, MetLife has no further interest in the case, the Court dismisses MetLife from this case. Hudson Savings Bank v. Austin, 479 F.3d 102, 107 (1st Cir. 2007) (noting that dismissal of stakeholder "immediately following its deposit of the stake into the registry of the court" is appropriate "without awaiting an adjudication of the defendants' competing claims").

#### B. MetLife's Motion for Attorney's Fees and Costs

MetLife has also moved for attorney's fees and costs to be taken out of the insurance proceeds. "[A] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so." Sun Life Assurance Co. Of Canada v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009) (quoting 7 Wright, Miller & Kane, Federal Practice and Procedure § 1719 at 675); Ferber Co. v. Ondrick, 310 F.2d 462, 467 (1st Cir. 1962); see generally 28 U.S.C. § 2361. In support of its motion, MetLife filed the sworn declaration of Attorney William D. Pandolph regarding the total amount of attorney's fees ($6,935.50) and costs ($553.94) incurred by MetLife for prosecution of this case. Although the total of fees and costs comes to $7,489.44, MetLife notes that this total does not include fees and costs incurred for counsel's attendance at the March 1, 2011 court conference or counsel's preparation of the motion for fees and costs. Despite the total costs and fees incurred by MetLife before the March 1st conference and subsequent motion, MetLife seeks only $3,600 in fees and costs, which is less than fifty percent of its actual fees and costs. The Court also notes that $3,600 constitutes ten percent of the total insurance proceeds at issue here and a reasonable sum given the litigation efforts, including but not limited to court appearances, pleadings and multiple motions, required to litigate this case. See, e.g., Sampson, 556 F.3d at 8-10 (affirming the award of $8,668 in attorney's fees and costs to an insurance company in an interpleader case involving $48,000 in insurance proceeds).

        **C.**     **Longo's Motion to Reschedule March 1st Conference and Hearing**

The Court sees no reason to reschedule the March 1st conference and hearing at which Longo's counsel failed to appear. The Court has reviewed Longo's opposition to MetLife's motions and considered same in ruling on both motions. Moreover, the Court declines to schedule a further conference requiring the presence of counsel, with attendant fees and costs, when it is appropriate

4

to decide this matter on the papers filed by counsel.  Accordingly, Longo's motion is denied.

**So ordered.**

/s/ Denise J. Casper
United States District Judge